# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

July 27, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

TIM OAKLEY and wife,                    )
MONICA OAKLEY, HELEN THOMAS,            )
FRANK GRUBBS and wife, BRENDA           )
GRUBBS, DANIEL THOMAS and wife,         )
SHERRY THOMAS, and JAN FOX,             )
                                        )
      Plaintiffs/Appellants,             )
                                        )
VS.                                     )    Appeal No.
                                        )    01-A-01-9809-CH-00496
L. SCOTT LANG,                          )
                                        )    Sumner Chancery
      Defendant/Appellee,                )    No. 96C-237
      Third Party Plaintiff,             )
                                        )
VS.                                     )
                                        )
LAWYERS TITLE INSURANCE                 )
CORPORATION, FREELANCE                  )
SEARCHES, INC., and                     )
SEAN MAHONEY,                           )
                                        )
      Third Party Defendants.            )


APPEALED FROM THE CHANCERY COURT OF SUMNER COUNTY
AT GALLATIN, TENNESSEE

THE HONORABLE TOM E. GRAY, CHANCELLOR


PHILIP C. KELLY
125 Public Square
Gallatin, Tennessee 37066
      Attorney for Plaintiffs/Appellants

ARTHUR E. McCLELLAN
116 Public Square
Gallatin, Tennessee 37066
      Attorney for Defendant/Appellee


AFFIRMED AND REMANDED


BEN H. CANTRELL,
PRESIDING JUDGE, M.S.


CONCUR:
CAIN, J.
COTTRELL, J.


**O P I N I O N**

The question we must decide is whether the defendant's home violated a subdivision restriction against modular homes. The Chancery Court of Sumner County held that the plaintiffs had failed to prove their case. We affirm.

## I.

In February of 1996, Scott Lang purchased lot number three in the Snaffles Subdivision in Sumner County. His deed referred to "restrictions and easements of record." Although the record is not entirely clear on what restrictions were actually in Mr. Lang's chain of title, a set of restrictions appear in the record containing the following provision:

> on Tracts 1-10 there shall be no temporary buildings, shacks or partially completed buildings used for human occupancy, no mobile home shall be placed upon this property, nor modular homes.

Mr. Lang built a foundation on his lot and purchased a partially pre-fabricated house. The house arrived by truck in two sections. By the end of the day the two halves of the house had been put together on the foundation. The house then contained the majority of the electrical wiring but not the plumbing, the heat and air system, nor the trim. When the two halves were delivered, a portion of the roof was attached to each side and could be completed by raising the two sides and joining them together at the peak. Once the house was assembled on the foundation, the outward appearance could not be distinguished from a house that had been built at the site.

When the house was delivered in two halves, the neighbors immediately protested. Then they filed this action for a mandatory injunction to have the house removed. The chancellor strictly construed the restriction in favor of the free use of the property, and held that without a clear definition of what constitutes a modular home the case should be dismissed.

**II.**

Our cases have uniformly held to the proposition that restrictive covenants are to be strictly construed against the party seeking to enforce them, because they interfere with the right of unrestricted use of property. *Turnley v. Garfinkle*, 362 S.W.2d 921 (Tenn. 1962); *Beacon Hills Homeowner's Assoc. v. Palmer Properties, Inc.*, 911 S.W.2d 736 (Tenn. App. 1995); *Jones v. Englund*, 870 S.W.2d 525 (Tenn. App. 1993); *Essary v. Cox*, 844 S.W.2d 169 (Tenn. App. 1992). It follows then, as some of the cases have held, that such covenants will not be extended by implication to anything not clearly and expressly prohibited by their plain terms. *See Turnley v. Garfinkle*, 362 S.W.2d at 923.

Although it may seem that we have been more hospitable to certain covenants than a strict construction rule contemplates, *see* Judge Crawford's dissent in *Albert v. Orwige*, 731 S.W.2d 63 (Tenn. App. 1987), in this case the plaintiffs have not furnished us with any definition of the term "modular homes" in the context of restrictive covenants. There is nothing in this record to show the intent of the owners who adopted the restrictive covenant in 1987.

One source of reference might have been the "Modular Building Act" enacted in 1985 to require inspection at the place of manufacture of pre-constructed buildings that arrive at the construction site with some or all of the electrical, mechanical, plumbing and other systems already built into the unit. *See* Tenn. Code Ann. § 68-126-302. The Act defined a "Modular Building Unit" as:

> (6) "Modular building unit" means a structural unit, or preassembled component unit including the necessary electrical, plumbing, heating, ventilating and other service systems, manufactured off-site and transported to the point of use for installation or erection, with or without other specified components, as a finished building and not designed for ready removal to another site. "Modular building unit" does not apply to temporary structures used exclusively for construction purposes or nonresidential farm buildings.

Tenn. Code Ann. § 68-126-303(6).

Later, another definition turned up in an opinion of this court in 1990. The court looked at the legislative history of a 1980 act that prohibited local zoning ordinances from excluding certain types of manufactured houses from residential districts. Although the proposed act did not refer to modular homes, the house members frequently used that term in the debate, because the members were seeking to protect what they referred to as modular homes as distinguished from mobile homes. This court concluded that "the legislators' references to 'modular' housing were references to structures that were manufactured and transported in at least two sections and then joined at the site into a single structure." *Tennessee Manufactured Housing Association v. The Metropolitan Government of Nashville*, 798 S.W.2d 254 at 259 (Tenn. App. 1990).

Either of these definitions might be what the developers of this subdivision had in mind. But we note that they are not the same. Under the Modular Building Act the definition applies to single, complete units as well as units that may be components of a larger structure. Under the court's definition in *Manufactured Housing*, a single structure constructed off-site would not be a modular home.

The plaintiffs acknowledge that they did not object when one property owner moved a complete house into the subdivision and set it on a foundation constructed for it. If we adopted the statutory definition, that house violated the covenant. Under the other definition, had Mr. Lang's house been joined together when it arrived, there would have been no objection. Or if it had been assembled in another subdivision and subsequently moved to its present location in one piece it would not have been a modular home. We conclude that the subdivision developers must have had something more substantive in mind when they adopted the restrictive covenant in question.

Therefore, we conclude that the chancellor was correct when he found that the plaintiffs had not carried their burden of proving that Mr. Lang's house was a modular home within the restrictions adopted for the Snaffles Subdivision.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Sumner County for any further proceedings necessary. Tax the costs on appeal to the appellants.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM B. CAIN, JUDGE


_____
PATRICIA J. COTTRELL, JUDGE

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

TIM OAKLEY and wife,                )
MONICA OAKLEY, HELEN THOMAS,        )
FRANK GRUBBS and wife, BRENDA       )
GRUBBS, DANIEL THOMAS and wife,     )
SHERRY THOMAS, and JAN FOX,         )
                                    )
    Plaintiffs/Appellants,           )
                                    )
VS.                                 )    Appeal No.
                                    )    01-A-01-9809-CH-00496
L. SCOTT LANG,                      )
                                    )    Sumner Chancery
    Defendant/Appellee,              )    No. 96C-237
    Third Party Plaintiff,           )
                                    )
VS.                                 )
                                    )
LAWYERS TITLE INSURANCE             )    Affirmed
CORPORATION, FREELANCE              )    and
SEARCHES, INC., and                 )    Remanded
SEAN MAHONEY,                       )
                                    )
    Third Party Defendants.          )

## J U D G M E N T

This cause came on to be heard upon the record on appeal from the Chancery Court of Sumner County, briefs and argument of counsel; upon consideration whereof, this Court is of the opinion that in the decree of the Chancellor there is no reversible error.

In accordance with the opinion of the Court filed herein, it is, therefore, ordered and decreed by this Court that the decree is affirmed. The cause is remanded to the Chancery Court of Sumner County for the enforcement of the decree and for the collection of the costs accrued below.

Costs of this appeal are taxed against Tim Oakley, et al., Principals, and Kelly & Smith Law Office, Surety, for which execution may issue if necessary.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.


_____
WILLIAM B. CAIN, JUDGE


_____
PATRICIA J. COTTRELL, JUDGE